IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF XITLALI MORENO, DECEASED, <br><br>  Plaintiff, <br><br> vs. <br><br> NISSAN NORTH AMERICA, INC. and FAMILY NISSAN OF LAREDO, LTD., <br><br>  Defendants. | § § § § § § § § § § § § § § § § § | Civil Case No. 5:22-cv-41 <br><br><br><br><br><br><br><br><br><br><br><br><br><br> JURY |

**DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF REMOVAL**

Defendant Nissan North America, Inc. ("NNA"), files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this action filed in the 49th Judicial District Court of Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division. In support of this removal, NNA would respectfully show the Court the following:

**I.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

This is an automotive product liability lawsuit arising from a rear-end crash involving a 2012 Nissan Rogue, VIN JN8AS5MT5CW272825 (the "subject vehicle'). The crash occurred on or about October 25, 2021 in Laredo, Webb County, Texas. *See* **Exhibit A** (Pl. Sec. Am. Pet.) at p. 3. Plaintiff Ana Delia Arriaga ("Arriaga") was the driver of subject vehicle and the biological mother of passenger Xitlali Moreno ("Moreno"). *Id.*

at pp. 2-4.  Arriaga alleges she was driving north on Interstate Highway 35 ("IH-35") when the subject vehicle "experienced mechanical problems with its transmission and became disabled."  *Id.* at p. 3.  Ultimately, the subject vehicle came to a stop on IH-35 and was struck from behind by a vehicle (2019 Ford F750) operated by Jose de Jesus Solorzano Lopez ("Lopez").  *Id.* at pp. 3-4.

Arriaga filed her Original Petition in the 49th Judicial District Court of Webb County, Texas on November 5, 2021.  See **Exhibit B** (Pl. Orig. Pet.)  Arriaga, in her individual capacity and as representative of Moreno's estate (referred to in the legal collective as "Plaintiff"), filed suit against Lopez's employer, Laredo Waste Management ("LWM"), alleging respondeat superior, negligence, and gross negligence claims against LWM.  *Id.* at pp. 2-5.  Plaintiff therein sought recovery for certain injuries and damages incurred as a result of the subject accident.  *Id.* at pp. 5-8.  Plaintiff subsequently amended her petition to add negligence and gross negligence causes of action against Lopez in his individual capacity.  **Exhibit C** (Pl. Fir. Am. Pet.).  LWM and Lopez timely appeared and filed an answer denying Plaintiff's claims against them.  See **Exhibit D** (LWM and Lopez Orig. Ans.).

On February 4, 2022, Plaintiff filed her live complaint, the Second Amended Petition, adding NNA and Family Nissan of Laredo, Ltd. ("Family Nissan") as additional defendants.  **Exhibit A** (Pl. Sec. Am. Pet.) at p. 2.  Against NNA, Plaintiff asserts product liability claims, contending NNA "designed, manufactured, marketed, and sold" the subject vehicle.  *Id.* at p. 8.  More specifically, Plaintiff contends the subject vehicle was defectively designed and marketed by NNA, that NNA breached certain implied warranties, and that

2

NNA was negligent in the design, manufacture, marketing, and sale of the subject vehicle. *Id*. at pp. 8-11. As to Family Nissan, Plaintiff asserts it "performed routine service on the [subject vehicle] on several occasions" and "failed to identify and warn" Arriaga as to the allegedly defective nature of the subject vehicle's transmission. *Id*. at pp. 11-12. In her live petition, Plaintiff also asserts gross negligence claims against all named defendants – Lopez, LWM, NNA, and Family Nissan – and seeks recovery of exemplary damages. *Id*. at pp. 12-15. NNA and Family Nissan have each appeared in state court and denied Plaintiff's allegations. *See* **Exhibit E** (NNA's Orig. Ans.) and **Exhibit F** (Family Nissan's Orig. Ans.).

## II.   TIMELINESS OF REMOVAL

On April 14, 2022, Plaintiff filed a Motion for Partial Nonsuit with Prejudice as to LWM and Lopez (the "Nonsuit") following a confidential settlement of all her claims against these two defendants. **Exhibit G** (Pl. Notice of Partial Nonsuit). Under Texas law, a motion for nonsuit is effective upon its filing. *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). Following filing of the Nonsuit, this matter became removable to this Court after the dismissal of LWM and Lopez – both citizens of Texas. An order granting the Nonsuit was signed by the state court on April 15, 2022. **Exhibit H** (Order on Partial Nonsuit). Thus, pursuant to 28 U.S.C. § 1446(b)(3), NNA timely files this Notice of Removal within thirty (30) days after service of the Nonsuit.

## III.   GROUNDS FOR REMOVAL

This removal is proper because, following the Nonsuit, this Court has subject matter jurisdiction based on complete diversity of citizenship between all properly joined

remaining parties under 28 U.S.C. § 1332(a). Complete diversity of citizenship between the properly joined remaining parties (*i.e.* Plaintiff and NNA) existed at the time the Nonsuit was filed in state court (April 14, 2022) and at the time of this removal (May 13, 2022). As set forth herein, Family Nissan is improperly joined, and this Texas limited partnership's citizenship status should be disregarded for purposes of determining jurisdiction.

**A.     Amount in Controversy**

Plaintiff's live petition affirmatively states she seeks damages "in excess of $1,000,000.00." **Exhibit A** at p. 15. Therefore, it is facially apparent that the amount in controversy exceeds the sum or value of $75,000.00. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (applying the "facially apparent" test).

**B.     Complete Diversity of Citizenship Between Properly Joined Remaining Parties**

    **1.     The Remaining Properly Joined Parties**

There is complete diversity of citizenship between all remaining properly joined parties to this lawsuit. On information and belief, Plaintiff is a citizen of Texas for the purposes of diversity jurisdiction. **Exhibit A** at p. 2.

NNA is a corporation organized and formed under the laws of the state of Delaware, with its principal place of business in the state of Tennessee. Therefore, NNA is a citizen of both Delaware and Tennessee for purposes of diversity jurisdiction.

2. **The Improperly Joined Remaining Party**

Plaintiff has improperly joined Family Nissan, a Texas limited partnership[1], as a non-diverse defendant. A party may establish improper joinder in one of two ways: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). In this case, NNA removes based on the second test because Plaintiff cannot establish a cause of action against Family Nissan, the non-diverse remaining defendant.

In applying the second test, the Court must decide the issue by conducting either "a Rule 12(b)(6)-type analysis" examining the allegations of a plaintiff's petition to determine whether the petition sufficiently states a claim under state law against a non-diverse defendant or, alternatively, piercing the pleadings and conducting "a summary-judgment type analysis." *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). The appropriate analysis to employ here is the "12(b)(6)-type analysis" test.

For purposes of such a "12(b)(6)-type" improper joinder analysis, the *Twombly* plausibility pleading standard (rather than the lower, Texas state "fair notice" pleading standard) applies. *Id.* at 200-02 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Under this test, a party is improperly joined when "there is no reasonable basis

---

[1] The two limited partners of Family Nissan are: (1) Paul Young Chevrolet, Inc. – a Laredo based Texas corporation; and (2) Paul Young Auto Group LLC – a Laredo based Texas limited liability company with one member, Paul Young Chevrolet, Inc.

for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. It is not sufficient for a plaintiff to show there is a "mere theoretical possibility of recovery under local law." *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *see also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). When deciding whether a plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the state court petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). If the allegations against a non-diverse defendant in the petition could not survive a Rule 12(b)(6) challenge, there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the non-diverse defendant. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

        a.    <u>Plaintiff cannot establish a cause of action against Family Nissan as a nonmanufacturing seller</u>.

Plaintiff's lawsuit is a "product liability action" under the Texas Product Liability Act ("TPLA") and the nonmanufacturing seller statute applies. *See* TEX. CIV. PRAC. & REM. CODE § 82.003(a). The TPLA applies broadly to "any action against a... seller for recovery of damages arising out of personal injury ... allegedly caused by a defective product whether the action is based in strict tort liability, **strict products liability**, **negligence**, misrepresentation, **breach of express or implied warranty**, or **any other theory or combination of theories**." *Id.* at § 82.001(2) (emphasis added). As set forth above, Plaintiff pleads that Family Nissan "performed routine service on the [subject vehicle] on several occasions" and "failed to identify and warn" as to the allegedly

6

defective nature of the subject vehicle's transmission. **Exhibit A** (Pl. Sec. Am. Pet.) at pp. 11-12. Pursuant to the TPLA, Family Nissan qualifies as a "nonmanufacturing seller," and is thus exempt from liability on Plaintiff's claims against them. *See, e.g., Selexman v. Ford Motor Co.*, No. CIV.A. H- 14-1874, 2014 WL 6610904, at *4 (S.D. Tex. Nov. 20, 2014).

More specifically, nonmanufacturing sellers such as Family Nissan are generally immune from liability unless a plaintiff pleads one of the seven explicitly codified exceptions. "[S]ection 82.003(a) is ... a **gatekeeper** for Plaintiffs to bring a claim" against Family Nissan. *Gonzalez v. Reed-Joseph Int'l Co.*, No. 4:11-cv-01094, 2013 WL 1578475, at *4 (S.D. Tex. Apr. 11, 2013) (emphasis added). To prevent removal here, Plaintiff must have plead specific facts sufficient to invoke one of the seven exceptions. *Gonzalez v. Estes, Inc.*, No. SA-10-CA-0038-XR, 2010 WL 610778, at *5 (W.D. Tex. Feb. 19, 2010); *see also Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F. Supp. 2d 772, 776 (N.D. Tex. 2008) (Section 82.003 "is a defensive device that provides a general rule of no liability unless plaintiff can prove facts invoking an exception to the rule.").

Courts assessing pleadings in the improper joinder context routinely hold a plaintiff who fails to allege an 82.003(a) exception has no possibility to recover in state court against the nonmanufacturing seller. *See, e.g., State Farm Lloyds v. Polaris Indus., Inc.*, No. 6-12-19, 2012 WL 5210682, at *2 (S.D. Tex. Sept. 11, 2012) (plaintiff failed to state a viable negligence claim because petition alleged none of the exceptions); *Garcia v. Nissan Motor Co.*, No. M-05-59, 2006 WL 869944, at *4, 6 (S.D. Tex. Mar. 30, 2006) (local auto dealership improperly joined because plaintiff could not establish a section 82.003 exception). Plaintiff has not plead one of the seven explicitly codified exceptions of the

TPLA. As a nonmanufacturing seller, Family Nissan is therefore immune under Texas law and improperly joined

        b.    <u>Texas law does not impose a duty on Family Nissan, a post-sale servicer, to inspect and warn about alleged product defects.</u>

Federal district courts in Texas have repeatedly rejected negligent maintenance, repair, and service claims against dealers like Family Nissan. *Garcia v. Deere & Company*, No. 3:20-CV-00095, 2020 WL 4192894, at *2 (S.D. Tex. July 21, 2020) ("Texas law does not impose a duty on post-sale servicing companies like Brookside to warn about an alleged product defect"); *Sanders v. River Oaks Chrysler Jeep, Inc.*, No. CV H-20-3744, 2021 WL 1723659, at *4 (S.D. Tex. Mar. 31, 2021), report and recommendation adopted, No. CV H-20-3744, 2021 WL 1721866 (S.D. Tex. Apr. 30, 2021); *see also Aguilar v. Michelin Tire N. Am., Inc.*, No. SA: 16-CV-048-DAE, 2016 WL 10519132, at *3 (W.D. Tex. Mar. 23, 2016) (collecting cases). In *Aguilar*, the court dismissed failure-to-warn, negligent maintenance, and negligent servicing claims against three in-state dealers because the claims were "an attempt to impose a duty to warn on a post-sale servicer for negligent maintenance and servicing" of vehicle tires. *Id.* at *3-4; *see also, e.g., Selexman*, 2014 WL 6610904, at *4 ("Texas law does not impose a duty on a post-sale [vehicle] servicer to detect pre-existing design defects during a routine visit for maintenance or repairs;" "this district has rejected such a 'negligent servicing' claim"); *Polaris*, 2012 WL 3985128, at *3 (an allegation against a servicing dealer for a negligent post-sale failure to warn of a defect did not state a viable claim); *Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H04402 1, 2005 WL 1214605, at *9 (S.D. Tex. May 20, 2005) (plaintiffs "negligent repair and negligent misrepresentation

claims" failed to allege any service performed by the dealer altered the vehicle to cause the incident; "an unused opportunity to warn" did not state a valid negligence cause of action).

While Plaintiff alleges Family Nissan was negligent in failing to warn her of a defect concerning the subject vehicle's transmission, she has no possibility of recovery on these claims. The threshold inquiry here is whether Family Nissan—having performed unspecified routine maintenance and/or inspection of the subject vehicle—had the duty to warn Arriaga about a "possible" defect in its transmission. *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 181 (Tex. 2004) (citing *Centeq Realty, Inc., v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) ("The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff"). Whether such a duty exists is a question of law, and the Fifth Circuit has explained that no "post-sale duty to warn" exists under Texas law. *See McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 430 (5th Cir. 2001); *Syrie v. Knoll Intern.*, 748 F.2d 304, 311–12 (5th Cir. 1984). Family Nissan is therefore not a proper defendant in this lawsuit under controlling Texas law, and should be disregarded for purposes of diversity jurisdiction.

### IV. CONSENT

Where removal is based on the alleged improper joinder of a co-defendant, the consent of that co-defendant to removal is not required. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *see* 28 U.S.C. § 1446(b)(2)(A). Thus, it is not necessary for Family Nissan to consent to this removal.

## V. VENUE

Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed state court action has been pending. Specifically, the 49th Judicial District Court of Webb County, Texas, is geographically located within the Laredo Division of the United States District Court for the Southern District of Texas.

## VI. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Copies of all process, pleadings, orders, and other filings in the state-court suit are attached to this Notice, pursuant to 28 U.S.C. § 1446(a):

### INDEX OF MATTERS BEING FILED

A. Plaintiff's Second Amended Petition;
B. Plaintiff's Original Petition;
C. Plaintiff's First Amended Petition;
D. Defendants Laredo Waste Management and Jose de Jesus Solorzano Lopez's Original Answer to Plaintiff's First Amended Petition;
E. Defendant Nissan North America, Inc.'s Original Answer to Plaintiff's Second Amended Petition;
F. Defendant Family Nissan of Laredo, Ltd.'s Original Answer and Request for Disclosure;
G. Plaintiff's Motion for Partial Nonsuit with Prejudice as to Laredo Waste Management, LLC and Jose de Jesus Solorzano Lopez;
H. Order of Partial Nonsuit as to Laredo Waste Management, LLC and Jose de Jesus Solorzano Lopez;
I. State Court Docket Sheet;
J. List of Counsel of Record; and
K. Notice to State Court of Removal.

NNA will promptly file a notice of this removal with the clerk of the state court where the suit has been pending. A copy of that notice is attached as **Exhibit K**.

Concurrently with this Notice, NNA is also filing a Disclosure Statement, pursuant to Federal Rule of Civil Procedure 7.1.

In the event this Court subsequently identifies a defect in this Notice of Removal, NNA requests this Court grant it leave to amend this Notice to cure such defect. *See, e.g.*, *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining that "defendants may freely amend the notice of removal required by section 1446(b)").

By filing this Notice of Removal, NNA does not waive any legal defenses or objections to Plaintiff's Second Amended Petition, but expressly reserves its right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

## VII.  JURY DEMAND

NNA demands a trial by jury.  NNA made a jury demand in accordance with state law in the state court proceeding and has therefore preserved its right to a jury trial. *See* FED. R. CIV. P. 81(c)(3)(A).

## VIII.  CONCLUSION

In conclusion, NNA represents that it has properly complied with the removal statutes set forth above, and this case thus stands removed from the 49th Judicial District Court of Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.

Signed pursuant to Federal Rule of Civil Procedure 11,

By:  /s/ G. Robert Sonnier
G. Robert Sonnier, *Lead Attorney*
Southern District Bar 20069
Texas Bar No. 18847400
Chris Pearson
Southern District Bar 16575
Texas Bar No. 15690440
Ian M. Lancaster
Southern District Bar 3450424
Texas Bar No. 24097964

GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
Telephone: (512) 472-0288
Fax: (512) 472-0721
cpearson@germer-austin.com
rsonnier@germer-austin.com
ilancaster@germer-austin.com

**COUNSEL FOR DEFENDANT NISSAN NORTH AMERICA, INC.**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on May 13, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record. I hereby certify that I have also served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Brett Anthony
Adam Anthony
THE ANTHONY LAW FIRM, L.L.P.
500 North Water Street, Suite 1000
Corpus Christi , Texas 78401
Telephone : (361) 687-1000
Facsimile: (361) 687-1010
adam@theanthonyfirm.com
brett@theanthonyfirm.com

Ed Chapa
BONILLA & CHAPA, P.C.
P.O. Box 5488
Corpus Christi Texas 78465-5488
Telephone: (361) 881-1000
Facsimile: (361) 881-1028
edchapa@bonillachapalaw.com
**COUNSEL FOR PLAINTIFF**

Robert E. Valdez
Adán A. González, III
VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Telephone: 210–598–8686
Facsimile: 210–598–8797
agonzalez@valdeztrevino.com
revaldez@valdeztrevino.com
**COUNSEL FOR DEFENDANT**
**FAMILY NISSAN OF LAREDO, LTD.**

                                                */s/ G. Robert Sonnier*
                                                G. Robert Sonnier