# **EXHIBIT A**

Filed
2/4/2022 1:53 PM
Esther Degollado
District Clerk
Webb District
Janellie J. Berlanga
2021CVA002132D1

CAUSE NO. 2021CVA002132D1

| | | |
|---|---|---|
| ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESATE OF XITLALI MORENO, DECEASED Plaintiff, | § § § § § § | IN THE DISTRICT COURT |
| v. | § § | 49th JUDICIAL DISTRICT |
| LAREDO WASTE MANAGEMENT, LLC and JOSE DE JESUS SOLORZANO LOPEZ Defendants. | § § § § § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW, ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE of THE ESTATE OF XITLALI MORENO, DECEASED, hereinafter referred to by name or as Plaintiff, complaining of and against LAREDO WASTE MANAGEMENT, LLC, JOSE DE JESUS SOLORZANO LOPEZ ("LOPEZ"), NISSAN NORTH AMERICA, INC. ("NNA") and FAMILY NISSAN OF LAREDO, LTD. ("FAMILY NISSAN") hereinafter referred to by name or as Defendants, and for cause of action would show as follows:

### I.
### DISCOVERY LEVEL PLAN

1. Pursuant to the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3, and therefore requests this Court to enter a scheduling order, which includes a discovery deadline date and a designation of expert deadline.

Ana Delia Arriaga vs. Laredo Waste Management LLC, et al

1

## II.
## PARTIES AND SERVICE

2.Plaintiff, ANA DELIA ARRIAGA, is an individual residing in Laredo, Webb County, Texas. ANA ARRIAGA is the biological mother of XITLALI MORENO. The last three digits of her Texas driver's license are 671 and last three digits of her social security number are 281.

3.Defendant, LAREDO WASTE MANAGEMENT, LLC is a Texas limited liability company and has answered and is before the Court for all purposes. A copy of Plaintiff's Second Amended Petition is being served upon Defendant's attorney of record.

4.Defendant, JOSE DE JESUS SOLORZANO LOPEZ, is an individual residing in Laredo, Webb County, Texas and has answered and is before the Court for all purposes. A copy of Plaintiff's Second Amended Petition is being served upon Defendant's attorney of record.

5.Defendant, NISSAN NORTH AMERICA, INC., ("NNA") is a foreign corporation organized and in existence under the laws of the State of Delaware and headquartered in Franklin, Tennessee and doing business in the State of Texas and may be served with process by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.Defendant, FAMILY NISSAN OF LAREDO, LTD ("FAMILY NISSAN") is a Texas Limited Partnership, organized and in existence under the laws of Texas, and may be served with process by serving its registered agent Paul H. Young, 3701 E. Saunders, Laredo, Texas 78041.

## III.
## ASSUMED NAMES

7. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby brings suit against all partnerships, unincorporated associations, individuals, entities, and private corporations doing business under the assumed name of or including the words: NISSAN NORTH AMERICA, INC. ("NNA"), and FAMILY NISSAN OF LAREDO, LTD. ("FAMILY NISSAN").

## IV.
## VENUE AND JURISDICTION

8. Venue is proper in this county pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because Defendant LAREDO WASTE MANAGEMENT, LLC maintain principal offices in Laredo Webb County, Texas, and is the county in which all, or a substantial part, of the events or omissions giving rise to the claim occurred.

9. The amount in controversy exceeds the minimal jurisdictional limits of this Court.

10. Plaintiff seeks over $1,000,000.00 in damages.

## V.
## BACKGROUND FACTS

11. On October 25, 2021, Plaintiff ANA ARRIAGA was driving her 2012 Nissan Rogue north on the 5300 block of Highway 35 in Laredo, Webb County, Texas. On said occasion, Defendant JOSE DE JESUS SOLORZANO LOPEZ was driving a 2019 Ford F750 and also traveling north on Highway 35 in Laredo, Webb County, Texas. Plaintiff's vehicle experienced mechanical problems with its transmission and became disabled. Specifically, Plaintiff's vehicle while driving at highway speeds began to decelerate and would not respond to Plaintiff's attempts to accelerate the vehicle. Plaintiff's vehicle

Ana Delia Arriaga vs. Laredo Waste Management LLC, et al

3

slowed to a stop on the highway. Plaintiff believes the vehicle lost power at some point in this sequence. Plaintiff put her vehicle in park in an attempt to restart the vehicle. Plaintiff made several attempts to get her vehicle to move forward, but was unsuccessful. Not being able to operate her vehicle, Plaintiff ARRIAGA turned on her hazard lights because Plaintiff was unable to safely move her vehicle off of Highway 35. While her vehicle was stopped with its hazard lights engaged, Defendant LOPEZ struck Plaintiff ARRIAGA's vehicle from behind as a result of Defendant LOPEZ failing to keep a proper look out, failing to control his speed and failing to take proper evasive action. As a result of the incident, Plaintiff ARRIAGA sustained serious and permanent physical injuries and damage and XITLALI MORENO sustained fatal injuries.

12. The 2012 Nissan Rogue, bearing Texas License Plate Number LDG3784 Vehicle Identification Number JN8AS5MT5CW272825, which was owned and operated by Plaintiff Ana Delia Arriaga, was originally designed, manufactured, marketed and sold by Defendant NISSAN NORTH AMERICA, INC. ("NNA").

13. Plaintiff originally purchased the 2012 Nissan Rogue in question in September 2018. The vehicle had approximately 120,415 miles when she originally purchased the vehicle. Plaintiff took her vehicle to Family Nissan on several occasions prior to the crash in question for routine inspections and maintenance. Specifically, Family Nissan in Laredo, Texas performed a routine service and inspection on April 9, 2019. Family Nissan performed a routine service and inspection of the vehicle on March 12, 2020. Family Nissan performed another routine service and inspection of the vehicle on September 23, 2020. Family Nissan performed another routine service and inspection of the vehicle on July 21, 2021 with mileage of 150,532 – approximately 3 months before

Ana Delia Arriaga vs. Laredo Waste Management LLC, et al

4

this crash. Not once did Family Nissan warn Plaintiff of the possible dangers of her defective transmission. Not once did Family Nissan recommend replacing her transmission. Family Nissan represented to Plaintiff at least four times in less than three years that Plaintiff's defective Nissan Rogue was safe to operate on Texas Highways. Family Nissan failed Plaintiffs.

14. At the time of the incident, Defendant LOPEZ, was driving a truck owned by Defendant LAREDO WASTE MANAGEMENT, LLC and was in the course and scope of his employment for LAREDO WASTE MANAGEMENT, LLC.

15. Xitlali Moreno was killed as a result of the Laredo Waste Management truck impact. Additionally, Arriaga suffered serious physical injuries and mental anguish as a result of the Laredo Waste Management truck impact

16. Nothing Plaintiff did or failed to do caused and/or contributed to the incident made the basis of this lawsuit. On the contrary, these occurrence and Plaintiff's resulting injuries, damages and losses were proximately caused by the negligence and negligence per se, as those terms are understood in law on the part of the Defendants.

## VI.
## DEFENDANTS', LAREDO WASTE MANAGEMENT, LLC, AGENTS AND EMPLOYEES

17. Whenever it is alleged that Defendants LAREDO WASTE MANAGEMENT, LLC did any act, it is meant that Defendant's LAREDO WASTE MANAGEMENT, LLC, employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of such person. Under the doctrine of *Respondeat Superior*,

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

5

Defendant LAREDO WASTE MANAGEMENT, LLC is liable to the Plaintiff for the conduct or omissions of its employees or agents and/or representatives, which include but are not limited to, JOSE DE JESUS SOLORZANO LOPEZ.

## VII.
## NEGLIGENCE CLAIMS AGAINST DEFENDANT LAREDO WASTE MANAGEMENT, LLC

18. Plaintiff would show this Court that Defendant LAREDO WASTE MANAGEMENT, LLC and its employees, agents, officers, representatives or servants, were negligent and that such negligence was a proximate and direct cause of the incident made the basis of this suit and the Plaintiff's resulting injuries and damages. Specifically, Defendant LOPEZ had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. LAREDO WASTE MANAGEMENT, LLC are liable for the acts and omissions of their employees, agents and/or representatives, including Defendant LOPEZ, based on *Respondeat Superior*. The negligent acts of Defendant LOPEZ include but are not limited to the following:

    a. Failing to keep a proper lookout;

    b. Failing to control his speed; and

    c. Failing to take proper evasive action.

19. Defendant's acts and omissions constituted a breach of the duty of ordinary care owed by Defendants to Plaintiff. Defendant LAREDO WASTE MANAGEMENT, LLC's direct negligence includes, but is not limited to, the following:

    a. Negligent entrustment of the truck in question to Defendant LOPEZ;

    b. In failing to exercise due care to ascertain the deficiencies in the driving abilities of Defendant, LOPEZ;

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

6

c. In allowing an unsafe driver to operate one of their vehicles;
d. In failing to provide drivers with driver safety training;
e. Negligent hiring of Defendant LOPEZ;
f. Negligent investigation of Defendant LOPEZ;
g. Negligent retention of Defendant LOPEZ;
h. Negligent training of its employees, including but not limited to Defendant LOPEZ; and
i. Negligent supervision of its employees, including but not limited to Defendant LOPEZ.

20. Each of these acts and omissions, singularly or in combination with each other, constitutes negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

## VIII.
## NEGLIGENCE CLAIMS AGAINST DEFENDANT JOSE DE JESUS SOLORZANO LOPEZ

21. Plaintiff would show this Court that Defendant LOPEZ was negligent and that such negligence was a proximate and direct cause of the incident made the basis of this suit and the Plaintiff's resulting damages. Specifically, Defendant LOPEZ had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. The negligent acts of Defendant LOPEZ include but are not limited to the following:

a. Failing to keep a proper lookout;
b. Failing to control his speed; and
c. Failing to take proper evasive action.

## IX.
## DEFENDANTS NISSAN NORTH AMERICA, INC. ("NNA") AND FAMILY NISSAN OF LAREDO, LTD.'S ("FAMILY NISSAN") AGENTS AND EMPLOYEES

22. Whenever it is alleged that Defendants NISSAN NORTH AMERICA, INC.,

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

7

and/or FAMILY NISSAN did any act, it is meant that Defendants' NISSAN NORTH AMERICA, INC.'s and/or FAMILY NISSAN's employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Defendants or was done in the normal and routine course and scope of employment of such person. Under the doctrine of *Respondeat Superior*, Defendants NISSAN NORTH AMERICA, INC., and/or FAMILY NISSAN are liable to the Plaintiffs for the conduct or omissions of its employees or agents and/or representatives.

## X.
## NEGLIGENCE CLAIMS AGAINST DEFENDANT NISSAN NORTH AMERICA, INC. ("NNA")

A. DEFENDANTS' ROLE WITH THE VEHICLE IN QUESTION

23. At the time of the sale of the Rogue in question, Defendant NISSAN NORTH AMERICA, INC. ("NNA") was in the business of designing, manufacturing, marketing, and selling automotive vehicles such as the Nissan Rogue made the basis of this suit. At all times relevant to this lawsuit, NNA was in the business of designing, manufacturing, marketing, selling, and otherwise placing into the stream of commerce Nissan automobiles, including the vehicle in question. Said Defendant NNA designed, manufactured, marketed, and sold the vehicle in question as part of such business. Accordingly, Defendant NNA is legally responsible in strict products liability for any defects in the vehicle in question including its component parts.

B. DESIGN DEFECT

24. This is, in part, a product defect case with respect to the Nissan Rogue involved in the crash.

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

8

25.   At the time the vehicle in question was designed, manufactured, and sold by Nissan the same was defective in design and unreasonably dangerous with respect to the faulty transmission system it was equipped with at the time of the incident, specifically, the Jatco Continuously Variable Transmission ("CVT").   More specifically, the CVT designed by Jatco and NNA and incorporated as a component part by NNA was known by NNA to be defective. The CVT in question had been the subject of hundreds of customer complaints regarding issues similar to the events experienced by plaintiff and had been the subject of numerous lawsuits alleging defects in the particular design of the Jatco CVT used by NNA and NNA's failure to design around and protect against the known defects of the Jatco CVT. Similarly, NNA's continued use of the Jatco CVT had been criticized and questioned by numerous trade articles and industry experts prior to the subject inspections in question and prior to the subject crash in question. Despite this history of known defect and malfunction, NNA continued to market the CVT in question as safe and failed to take adequate measures to remedy the defect and warn its customers and dealers of the ongoing dangers of continued use of the CVT transmission in question. Ultimately, the defective CVT design in question caused a disabling event causing the subject vehicle to suddenly and unexpectedly stall in the middle of the highway making it impossible for Plaintiff to move the vehicle resulting in Plaintiff being struck from behind by the truck being driven by Defendant Lopez.  The defective design of the transmission system made this Nissan vehicle unreasonably dangerous on Texas highways and freeways. This defective design was a producing and a proximate cause of the incident in question with Defendant Lopez and the injuries and damages to Plaintiffs.

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

9

26.     NNA knew or should have known that the 2012 Rogue in question was unreasonably dangerous due to the CVT defect and yet continued to manufacture, design, market and sell this product to consumers, which action was a producing and proximate cause of the events made the basis of this suit and of the injuries and damages to the Plaintiff.

C. BREACH OF IMPLIED WARRANTIES

27.     As a result of the defective and unreasonably dangerous condition of the vehicle in question, NNA, in selling the vehicle in question in such condition, breached implied warranties of merchantability and fitness, which breaches of implied warranties were a producing and proximate cause of the incident in question and of the injuries and damages to Plaintiffs.

B.      MARKETING DEFECT

28.     Both prior to and subsequent to the sale of the Nissan Rogue in question, NNA failed to give adequate and proper warnings regarding the dangers of the CVT defect that were known or that by application of reasonably developed human skill and foresight should have been known. NNA failed to give adequate instructions and warnings to customers and dealers of when and how to have such vehicles inspected to avoid such dangers due to its defective transmission. NNA's failures rendered said vehicle defective and unreasonably dangerous as marketed, and were a producing and proximate cause of the incident in question and the serious and permanent physical injuries and damages of Ana Arriaga and the death of her minor daughter, Xitlali Moreno.

Ana Delia Arriaga vs. Laredo Waste Management LLC, et al

10

E.  NEGLIGENCE

29. Defendant NNA was negligent in the design, manufacturering, marketing and sale of the vehicle in question which negligence was a proximate cause of the events made the basis of this suit. Such negligence includes, but is not limited to, the following acts of omission and commission:

    a. Failing to adequately design the subject transmission system;

    b. Failing to adequately inform and warn its dealerships of how to inspect and identify problems with the transmission system

    c. Failing to adequately inform and warn its customers of how to identify problems with the transmission system

30. Each of these acts and omissions, singularly or in combination with each other, constitutes negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## XI.
## CLAIMS AGAINST FAMILY NISSAN OF LAREDO, LTD.

31. Defendant FAMILY NISSAN had performed routine service on the 2012 Nissan Rogue on several occasions. At the time of performing routine services on the subject vehicle, FAMILY NISSAN was aware of the CVT defect as Nissan had issued numerous Technical Service Bulletins to its authorized dealers and authorized repair facilities, addressing the Nissan Rogue transmission issues for many years prior to Defendant FAMILY NISSAN's inspections of the vehicle in question

32. Defendant FAMILY NISSAN at the time of inspections performed on the subject 2012 Nissan Rogue, failed to identify and warn ARRIAGA as to the defective transmission of the subject vehicle. Defendant FAMILY NISSAN failed to identify and warn ARRIAGA of signs that her transmission system was in danger of failing. Defendant

Ana Delia Arriaga vs. Laredo Waste Management LLC, et al

11

FAMILY NISSAN failed to identify and warn Arriaga of any issues or problems with the transmission of her subject vehicle.

33.  Defendant FAMILY NISSAN at the time of inspections performed on the subject 2012 Nissan Rogue, misrepresented to Plaintiffs that the defective vehicle was safe to drive on Texas Highways. Tragically, Plaintiffs relied on Defendant FAMILY NISSAN's representations to Plaintiffs.

XII.

## GROSS NEGLIGENCE CLAIMS AGAINST DEFENDANTS

34.  In committing each of the above and foregoing acts or omissions of Defendants were acting with malice or gross neglect as those terms are defined in Chapter 41 of the Texas Civil Practice & Remedies Code. Plaintiff is therefore entitled to recover judgment against Defendants for exemplary damages.

XIII.
## DAMAGES FOR ANA ARRIAGA

35.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff ARRIAGA suffered severe, permanent and disfiguring injuries. Specifically, Plaintiff has suffered or will suffer and sustain, the following damages:

   a. Reasonable medical care and expenses in the past and which in all reasonable probability will be incurred in the future. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b. Physical pain and suffering in the past;

   c. Physical pain and suffering in the future;

   d. Mental anguish in the past;

Ana Delia Arriaga vs. Laredo Waste Management LLC, et al

12

e. Mental anguish in the future;

f. Physical impairment in the past;

g. Physical impairment in the future;

h. Physical disfigurement in the past;

i. Physical disfigurement in the future;

j. Lost wages in the past and future;

k. Loss of earning capacity in the past and future;

l. Prejudgment and post-judgment interest, and

m. Court costs.

36. By reason of the above, Plaintiff has suffered losses and damages in an amount which has not been presently ascertained, but which is in excess of the minimum jurisdictional limits of this Court.

## XIV.
## DAMAGES: WRONGFUL DEATH CAUSES OF ACTION

37. Plaintiff ARRIAGA brings this action as a wrongful death beneficiary of XITLALI MORENO, for all benefits and damages due pursuant to the Wrongful Death Act contained in §71.001 - §71.012, Texas Civil Practice & Remedies Code.

38. As a direct, proximate, and foreseeable result of the above referenced acts and/or omissions of Defendants, taken singularly or in conjunction with each other, Plaintiff ARRIAGA, the surviving parent of XITLALI MORENO, has suffered substantial damages for which she seeks recovery from Defendant pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code, including:

a. past and future pecuniary loss;

Ana Delia Arriaga vs. Laredo Waste Management LLC, et al

13

b. past and future love, affection, solace, comfort, companionship, society, emotional support, and happiness by virtue of the destruction of the parent-child relationship; and

c. past and future mental anguish, grief, and sorrow.

## XV.
## DAMAGES: SURVIVAL CAUSES OF ACTION

39. XITLALI MORENO was only 12 years old at the time of her death and died without a will. No Estate action is pending or necessary as the sole asset of XITLALI MORENO Estate is a Survival Cause of Action. Plaintiff ARRIAGA bring this Survival Cause of Action against the Defendant as the sole lawful heir of the Estate of XITALI MORENO, pursuant to §71.021 Texas Civil Practice & Remedies Code, along with all other damages she may claim at common law.

40. As a direct and proximate result of Defendants' negligent acts complained of herein, XITLALI MORENO sustained mental anguish and physical pain prior to her death, which Plaintiff ARRIAGA now sues to recover.

41. In addition, reasonable and necessary medical, funeral, and burial expenses were incurred for the funeral of XITLALI MORENO for which Plaintiff ARRIAGO now sues to recover.

## XVI.
## EXEMPLARY DAMAGES

42. Plaintiff seeks exemplary damages, in an amount that the jury may award in its discretion as an example to others and as a penalty or by way of punishment. In that connection, the jury should be instructed that there are certain factors that they may consider which include but are not limited to the following:

1. The nature of the wrong;

Ana Delia Arriaga vs. Laredo Waste Management LLC, et al

14

2. The character of the conduct involved;

3. The degree of culpability of the wrongdoer;

4. The situation and sensibilities of the parties concerned;

5. The extent to which such conduct offends a public sense of justice and propriety;

6. The net worth of Defendant; and,

7. Inconvenience, attorney's fees, expenses of litigation, and other expenses not recoverable as actual damages.

43. In that connection, the jury should be entitled to consider evidence of actual damages so as to award a proportional award of exemplary damages. The "greater weight of the evidence" burden of proof applies to a determination of the amount of damages.

## XVII.
## RULE 47 NOTICE

44. Pursuant to Rule 47 of the Texas Rules of Civil Procedure and based on the facts known to date, Plaintiff pleads an amount in damages in excess of $1,000,000.00.

## XVIII.
## REQUESTS FOR DISCLOSURE

45. Under Texas Rule of Civil Procedure 194, initial disclosures must be made by Defendant at or within 30 days from the filing of the first answer or general appearance in this suit.

## XIX.
## REQUEST FOR JURY TRIAL

46. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby formally makes this demand for a jury trial in this litigation and has tendered the appropriate fee with the filing of this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon final trial, he have judgment against said Defendants with interest thereon at the legal rate, for costs of court, and for such other and further relief to which she may show himself justly entitled.

Respectfully Submitted,

**ANTHONY PETERSON, LLP.**

By: _____
Brett Anthony
State Bar No. 00793272
banthony@anthony-peterson.com
Adam Anthony
State Bar No. 24087109
aanthony@anthony-peterson.com
Douglas P. Peterson
State Bar No. 00797240
dpeterson@anthony-peterson.com
500 North Water Street, Suite 1000
Corpus Christi, Texas 78401
Telephone: (361) 687-1000
Facsimile: (361) 687-1010

AND

16

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

BONILLA & CHAPA, P.C.
Ed Chapa
State Bar No.: 04113900
edchapa@bonillachapalaw.com
P.O. Box 5488
Corpus Christi Texas  78465-5488
Telephone:  (361) 881-1000
Facsimile:  (361) 881-1028

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents was served upon all known counsel of record via certified mail, return receipt requested, facsimile, e-mail and/or e-serve on this the 4th day of February, 2022.

Brett Anthony

*Via Electronic Service:* Larry@ljglaw.com; Vincent@ljglaw.com
Larry J. Goldman
Vincent P. Vasquez
GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216