# EXHIBIT C

Filed
11/12/2021 4:36 PM
Esther Degollado
District Clerk
Webb District
Janellie J. Berlanga
2021CVA002132D1

CAUSE NO. 2021VA002132D1

| | | |
|---|---|---|
| ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESATE OF XITLALI MORENO, DECEASED<br>Plaintiff, | § § § § § § | IN THE DISTRICT COURT |
| v. | § § | 49th JUDICIAL DISTRICT |
| LAREDO WASTE MANAGEMENT, LLC and JOSE DE JESUS SOLORZANO LOPEZ<br>Defendants. | § § § § § | WEBB COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED PETITION**

COMES NOW, ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE of THE ESTATE OF XITLALI MORENO, DECEASED, hereinafter referred to by name or as Plaintiff, complaining of and against LAREDO WASTE MANAGEMENT, LLC, and JOSE DE JESUS SOLORZANO LOPEZ ("LOPEZ") hereinafter referred to by name or as Defendants, and for cause of action would show as follows:

**I.**
**DISCOVERY LEVEL PLAN**

1. Pursuant to the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3, and therefore requests this Court to enter a scheduling order, which includes a discovery deadline date and a designation of expert deadline.

**II.**
**PARTIES AND SERVICE**

2. Plaintiff, ANA DELIA ARRIAGA, is an individual residing in Laredo, Webb

Copy from re:SearchTX

County, Texas.  ANA ARRIAGA is the biological mother of XITLALI MORENO.  The last three digits of her Texas driver's license are 671 and last three digits of her social security number are 281.

3.    Defendant, LAREDO WASTE MANAGEMENT, LLC is a Texas limited liability company and may be served with citation by serving its registered agent, Ignacio Salinas, 4808 Paloma Drive, Laredo, Texas 78041.

4.    Defendant, JOSE DE JESUS SOLORZANO LOPEZ, is an individual residing in Laredo, Webb County, Texas and may be served with citation at 3415 S. Texas Avenue, Laredo, Texas 78046, or wherever he may be found.

### III.
### VENUE AND JURISDICTION

5.    Venue is proper in this county pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because Defendant LAREDO WASTE MANAGEMENT, LLC maintain principal offices in Laredo Webb County, Texas, and is the county in which all, or a substantial part, of the events or omissions giving rise to the claim occurred.

6.    The amount in controversy exceeds the minimal jurisdictional limits of this Court.

7.    Plaintiff seeks over $1,000,000.00 in damages.

### IV.
### BACKGROUND FACTS

8.    On October 25, 2021, Plaintiff ANA ARRIAGA was driving her vehicle north on the 5300 block of Highway 35 in Laredo, Webb County, Texas.  On said occasion, Defendant JOSE DE JESUS SOLORZANO LOPEZ was driving a 2019 Ford F750 and also traveling north on Highway 35 in Laredo, Webb County, Texas.  Plaintiff's vehicle

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

2

Copy from re:SearchTX

experienced mechanical problems and became disabled.  Plaintiff ARRIAGA turned on her hazard lights and plaintiff was unable to safely move her vehicle off of Highway 35. While her vehicle was stopped with its hazard lights engaged, Defendant LOPEZ struck Plaintiff ARRIAGA's vehicle from behind as a result of Defendant LOPEZ failing to keep a proper look out, failing to control his speed and failing to take proper evasive action. As a result of the incident, Plaintiff ARRIAGA sustained serious and permanent physical injuries and damage and XITLALI MORENO sustained fatal injuries.

9. At the time of the incident, Defendant LOPEZ, was driving a truck owned by Defendant LAREDO WASTE MANAGEMENT, LLC and was in the course and scope of his employment for LAREDO WASTE MANAGEMENT, LLC.

10. This occurrence and Plaintiffs' resulting injuries, damages and losses were proximately caused by the negligence and negligence per se, as those terms are understood in law on the part of the Defendants.

## V.
## DEFENDANT'S AGENTS AND EMPLOYEES

11. Whenever it is alleged that Defendant LAREDO WASTE MANAGEMENT, LLC did any act, it is meant that Defendant's, LAREDO WASTE MANAGEMENT, LLC, employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time such act or omission occurred, it was with full knowledge, authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of such person.  Under the doctrine of *Respondeat Superior*, Defendant LAREDO WASTE MANAGEMENT, LLC is liable to the Plaintiffs for the conduct or omissions of its employees or agents and/or representatives, which include but are not limited to, JOSE DE JESUS SOLORZANO LOPEZ.

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

3

Copy from re:SearchTX

## VI.
## NEGLIGENCE CLAIMS AGAINST
## DEFENDANT LAREDO WASTE MANAGEMENT, LLC

12.     Plaintiff would show this Court that Defendant LAREDO WASTE MANAGEMENT, LLC and its employees, agents, officers, representatives or servants, were negligent and that such negligence was a proximate and direct cause of the incident made the basis of this suit and the Plaintiff's resulting injuries and damages. Specifically, Defendant LOPEZ had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. LAREDO WASTE MANAGEMENT, LLC are liable for the acts and omissions of their employees, agents and/or representatives, including Defendant LOPEZ, based on *Respondeat Superior*. The negligent acts of Defendant LOPEZ include but are not limited to the following:

        a.     Failing to keep a proper lookout;

        b.     Failing to control his speed; and

        c.     Failing to take proper evasive action.

13.     Defendant's acts and omissions constituted a breach of the duty of ordinary care owed by Defendants to Plaintiff. Defendant LAREDO WASTE MANAGEMENT, LLC's direct negligence includes, but is not limited to, the following:

        a.     Negligent entrustment of the truck in question to Defendant LOPEZ;

        b.     In failing to exercise due care to ascertain the deficiencies in the driving abilities of Defendant, LOPEZ;

        c.     In allowing an unsafe driver to operate one of their vehicles;
        d.     In failing to provide drivers with driver safety training;

        e.     Negligent hiring of Defendant LOPEZ;

        f.     Negligent investigation of Defendant LOPEZ;

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

4

Copy from re:SearchTX

      g.      Negligent retention of Defendant **LOPEZ**;

      h.      Negligent training of its employees, including but not limited to Defendant **LOPEZ**; and

      i.      Negligent supervision of its employees, including but not limited to Defendant **LOPEZ**.

14.    Each of these acts and omissions, singularly or in combination with each other, constitutes negligence which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

## VII.
## NEGLIGENCE CLAIMS AGAINST DEFENDANT JOSE DE JESUS SOLORZANO LOPEZ

15.    Plaintiff would show this Court that Defendant **LOPEZ** was negligent and that such negligence was a proximate and direct cause of the incident made the basis of this suit and the Plaintiff's resulting damages. Specifically, Defendant **LOPEZ** had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. The negligent acts of Defendant **LOPEZ** include but are not limited to the following:

      a.  Failing to keep a proper lookout;

      b.  Failing to control his speed; and

      c.  Failing to take proper evasive action.

## VIII.

## GROSS NEGLIGENCE CLAIMS AGAINST DEFENDANTS

16.    In committing each of the above and foregoing acts or omissions of Defendants were acting with malice or gross neglect as those terms are defined in Chapter 41 of the Texas Civil Practice & Remedies Code. Plaintiff is therefore entitled to recover judgment against Defendant for exemplary damages.

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

5

Copy from re:SearchTX

## IX.
## **DAMAGES FOR ANA ARRIAGA**

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff ARRIAGA suffered severe, permanent and disfiguring injuries. Specifically, Plaintiff has suffered or will suffer and sustain, the following damages:

   a. Reasonable medical care and expenses in the past and which in all reasonable probability will be incurred in the future. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b. Physical pain and suffering in the past;

   c. Physical pain and suffering in the future;

   d. Mental anguish in the past;

   e. Mental anguish in the future;

   f. Physical impairment in the past;

   g. Physical impairment in the future;

   h. Physical disfigurement in the past;

   i. Physical disfigurement in the future;

   j. Lost wages in the past and future;

   k. Loss of earning capacity in the past and future;

   l. Prejudgment and post-judgment interest, and

   m. Court costs.

18. By reason of the above, Plaintiff has suffered losses and damages in an amount which has not been presently ascertained, but which is in excess of the minimum jurisdictional limits of this Court.

## X.
## DAMAGES: WRONGFUL DEATH CAUSES OF ACTION

19. Plaintiff ARRIAGA brings this action as a wrongful death beneficiary of XITLALI MORENO, for all benefits and damages due pursuant to the Wrongful Death Act contained in §71.001 - §71.012, Texas Civil Practice & Remedies Code.

20. As a direct, proximate, and foreseeable result of the above referenced acts and/or omissions of Defendants, taken singularly or in conjunction with each other, Plaintiff ARRIAGA, the surviving parent of XITLALI MORENO, has suffered substantial damages for which she seeks recovery from Defendant pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code, including:

   a. past and future pecuniary loss;

   b. past and future love, affection, solace, comfort, companionship, society, emotional support, and happiness by virtue of the destruction of the parent- child relationship; and

   c. past and future mental anguish, grief, and sorrow.

## XI.
## DAMAGES: SURVIVAL CAUSES OF ACTION

21. XITLALI MORENO was only 12 years old at the time of her death and died without a will. No Estate action is pending or necessary as the sole asset of XITLALI MORENO Estate is a Survival Cause of Action. Plaintiff ARRIAGA bring this Survival Cause of Action against the Defendant as the sole lawful heir of the Estate of XITALI MORENO, pursuant to §71.021 Texas Civil Practice & Remedies Code, along with all other damages she may claim at common law.

22. As a direct and proximate result of Defendant's negligent acts complained

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

7

Copy from re:SearchTX

of herein, XITLALI MORENO sustained mental anguish and physical pain prior to her death, which Plaintiff ARRIAGA now sues to recover.

23. In addition, reasonable and necessary medical, funeral, and burial expenses were incurred for the funeral of XITLALI MORENO for which Plaintiff ARRIAGO now sues to recover.

## XII.
## EXEMPLARY DAMAGES

24. Plaintiff seeks exemplary damages, in an amount that the jury may award in its discretion as an example to others and as a penalty or by way of punishment. In that connection, the jury should be instructed that there are certain factors that they may consider which include but are not limited to the following:

1. The nature of the wrong;
2. The character of the conduct involved;
3. The degree of culpability of the wrongdoer;
4. The situation and sensibilities of the parties concerned;
5. The extent to which such conduct offends a public sense of justice and propriety;
6. The net worth of Defendant; and,
7. Inconvenience, attorney's fees, expenses of litigation, and other expenses not recoverable as actual damages.

25. In that connection, the jury should be entitled to consider evidence of actual damages so as to award a proportional award of exemplary damages. The "greater weight of the evidence" burden of proof applies to a determination of the amount of damages.

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*    8

Copy from re:SearchTX

## XIII.
## RULE 47 NOTICE

26. Pursuant to Rule 47 of the Texas Rules of Civil Procedure and based on the facts known to date, Plaintiff pleads an amount in damages in excess of $1,000,000.00.

## XIV.
## REQUESTS FOR DISCLOSURE

27. Under Texas Rule of Civil Procedure 194, initial disclosures must be made by Defendant at or within 30 days from the filing of the first answer or general appearance in this suit.

## XV.
## REQUEST FOR JURY TRIAL

28. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby formally makes this demand for a jury trial in this litigation and has tendered the appropriate fee with the filing of this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon final trial, he have judgment against said Defendants with interest thereon at the legal rate, for costs of court, and for such other and further relief to which she may show himself justly entitled.

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*

9

Copy from re:SearchTX

Respectfully Submitted,

**ANTHONY PETERSON, LLP**.

By: _____
Brett Anthony
State Bar No. 00793272
banthony@anthony-peterson.com
Adam Anthony
State Bar No. 24087109
aanthony@anthony-peterson.com
Douglas P. Peterson
State Bar No. 00797240
dpeterson@anthony-peterson.com
500 North Water Street, Suite 1000
Corpus Christi, Texas 78401
Telephone: (361) 687-1000
Facsimile: (361) 687-1010

AND

**BONILLA & CHAPA, P.C.**
Ed Chapa
State Bar No.: 04113900
edchapa@bonillachapalaw.com
P.O. Box 5488
Corpus Christi Texas  78465-5488
Telephone:  (361) 881-1000
Facsimile:  (361) 881-1028

**ATTORNEYS FOR PLAINTIFFS**

*Ana Delia Arriaga vs. Laredo Waste Management LLC, et al*    10

Copy from re:SearchTX