# EXHIBIT D

H:\ljg\27001591\answer.doc

Filed
11/19/2021 12:10 PM
Esther Degollado
District Clerk
Webb District
Janellie J. Berlanga
2021CVA002132D1

CAUSE NO. 2021CVA002132D1

| | | |
|---|---|---|
| ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF XITLALI MORENO, DECEASED, *Plaintiff*, | § § § § § § | IN THE DISTRICT COURT |
| v. | § § § | 49TH JUDICIAL DISTRICT |
| LAREDO WASTE MANAGEMENT, LLC AND JOSE DE JESUS SOLORZANO LOPEZ, *Defendants*. | § § § § § | WEBB COUNTY, TEXAS |

### DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME LAREDO WASTE MANAGEMENT, LLC and JOSE DE JESUS SOLORZANO LOPEZ, Defendants in the above entitled and numbered cause, and file this, their Original Answer, and would state to the Court as follows:

I.

Defendants generally deny the matters pled by Plaintiff, as provided by Rule 92 of the Texas Rules of Civil Procedure and ask that these matters be properly decided by this Honorable Court and Jury.

II.

Further answering, Defendants state that the imposition of punitive damages and additional damages against them in this cause would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in the following respects:

a. Due process requires proof of gross negligence and punitive damages and additional damages by a standard greater than "the preponderance of the evidence" standard. Due process requires proof of such claims at least by a clear and convincing standard of proof.

b. The assessment of punitive damages and additional damages, a remedy that is essentially criminal in nature, without safeguards greater than that afforded by the Texas Civil Procedure and Law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States.

c. Any award of punitive damages or additional damages under Texas law without bifurcating the trial and trying all punitive damages issues, only if and after liability on the merits has been found, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas.

d. An award of punitive damages or additional damages under Texas law by a jury that: (i) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size, of a punitive damage award; (ii) is not adequately instructed on the limits of punitive damages imposed by Texas law and well-defined principles of deterrence and punishment; and (iii) is not expressly prohibited from awarding punitive damages or additional damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the wealth and corporate status of Defendants, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas. The due process error is compounded by the inadequacies of the appellate process in Texas to correct an erroneous award of punitive damages or additional damages or to correct an excessive award.

e. The amount of punitive damages or additional damages sought is unconstitutionally excessive and disproportionate to Defendants' conduct under the United States Constitution, and thus violated the Due Process Clause of the Fourteenth Amendment, United States Constitution, Amendment XIV, Section 1 and the Due Process Clause of the Texas State Constitution.

f. An award of punitive damages or additional damages resulting from the same course of conduct for which the Defendants have been or may be found liable for punitive damages or additional damages in another action violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Texas State Constitution.

Copy from re:SearchTX

WHEREFORE, PREMISES CONSIDERED, Defendants pray Judgment of the Court that they go hence without day and without cost, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone: (210) 340-9800
Facsimile: (210) 340-9888
*Email: mail@ljglaw.com
**service by email to this address**

By: _____
LARRY J. GOLDMAN
State Bar No. 08093450
Larry@ljglaw.com
VINCENT P. VASQUEZ
State Bar No. 24066237
Vincent@ljglaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 19th day of November 2021:

*Via E-Service:*
Mr. Brett Anthony
Mr. Adam Anthony
Mr. Douglas P. Peterson
ANTHONY PETERSON, LLP
500 North Water Street, Suite 1000
Corpus Christi, Texas 78401

*Via E-Service:*
Mr. Ed Chapa
BONILLA & CHAPA, P.C.
P.O. Box 5147
Corpus Christi, Texas 78465

_____
LARRY J. GOLDMAN
VINCENT P. VASQUEZ

Page 3 of 3

Copy from re:SearchTX

H:\ljg\27001591\jury demand.doc

Filed
11/19/2021 12:10 PM
Esther Degollado
District Clerk
Webb District
Janellie J. Berlanga
2021CVA002132D1

CAUSE NO. 2021CVA002132D1

| | | |
|---|---|---|
| ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF XITLALI MORENO, DECEASED, *Plaintiff,* | § § § § § § § | IN THE DISTRICT COURT |
| v. | § § § § | 49TH JUDICIAL DISTRICT |
| LAREDO WASTE MANAGEMENT, LLC AND JOSE DE JESUS SOLORZANO LOPEZ, *Defendants.* | § § § § | WEBB COUNTY, TEXAS |

### DEFENDANTS' JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME LAREDO WASTE MANAGEMENT, LLC and JOSE DE JESUS SOLORAZANO LOPEZ, Defendants in the above styled and numbered action, and respectfully request that this case be tried in front of a Jury and herewith tender the Jury fee. show themselves justly entitled.

Respectfully submitted,

GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:   (210) 340-9800
Facsimile:   (210) 340-9888
*Email:     mail@ljglaw.com
**service by email to this address**

By: _____
LARRY J. GOLDMAN
State Bar No. 08093450
Larry@ljglaw.com
VINCENT P. VASQUEZ
State Bar No. 24066237
Vincent@ljglaw.com

ATTORNEYS FOR DEFENDANTS

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 19th day of November 2021:

<u>*Via E-Service:*</u>
Mr. Brett Anthony
Mr. Adam Anthony
Mr. Douglas P. Peterson
ANTHONY PETERSON, LLP
500 North Water Street, Suite 1000
Corpus Christi, Texas 78401

<u>*Via E-Service:*</u>
Mr. Ed Chapa
BONILLA & CHAPA, P.C.
P.O. Box 5147
Corpus Christi, Texas 78465

_____
LARRY J. GOLDMAN
VINCENT P. VASQUEZ

2

Copy from re:SearchTX