# EXHIBIT E

Filed
3/18/2022 4:35 PM
Esther Degollado
District Clerk
Webb District
Luis J. Sanchez
2021CVA002132D1

CAUSE NO. 2021CVA002132D1

| | | |
|---|---|---|
| ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF XITLALI MORENO, DECEASED, | § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| v. | § § | 49TH JUDICIAL DISTRICT |
| LAREDO WASTE MANAGEMENT, LLC, JOSE DE JESUS SOLORZANO LOPEZ, NISSAN NORTH AMERICA, INC., AND FAMILY NISSAN OF LAREDO, LTD. | § § § § § § | |
| *Defendants*. | § | WEBB COUNTY, TEXAS |

## DEFENDANT NISSAN NORTH AMERICA, INC.'S
## ANSWER TO PLAINTIFF'S SECOND AMENDED PETITION

Defendant Nissan North America, Inc. ("NNA") files this Answer to Plaintiff's Second Amended Petition. In support, NNA would respectfully show the Court as follows:

### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 192, NNA generally denies the allegations contained in Plaintiff's Second Amended Petition and demands strict proof thereof by a preponderance of the evidence or other appropriate standard of proof as required under Texas law. As to Plaintiffs claims for punitive or exemplary damages, NNA demands strict proof thereof by clear and convincing evidence pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code.

4811708

## OTHER DEFENSES

1.  The incident made the basis of this suit, and Plaintiff's injuries and damages, if any, were proximately caused or solely caused by the conduct, negligence, and/or negligence *per se* of others, including but not limited to Jose de Jesus Solorzano Lopez.

2.  Further answering herein, the incident made the basis of this suit, and Plaintiff's injuries and damages, if any, were proximately caused or solely caused by the conduct, negligence, and/or negligence *per se* of others, including but not limited to Plaintiff Ana Delia Arriaga.

3.  The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause or causes, unrelated to the conduct of NNA.

4.  If NNA is found liable as alleged, its percentage of responsibility, if any, should be compared to the percentage of responsibility attributed by the trier of fact to each claimant, defendant, settling person, and responsible third party, pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, and any recovery against NNA should be reduced, if not barred, accordingly.

5.  NNA reserves the right to show the subject vehicle may have undergone unforeseeable substantial change, alteration, and/or modification subsequent to the time it left the control and possession of its manufacturer, and the same is raised as a complete defense to some or all of Plaintiff's claims for damages.

6.  NNA is entitled to a credit or offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all settlements arising from Plaintiff's claims and causes of action. Tex. Civ. Prac. & Rem. Code § 33.003. NNA further pleads any and

all other offsets and/or credits allowed under the statutory and common laws of the State of Texas.

7. In the event Plaintiff files a non-suit or dismisses any party, whether a plaintiff or defendant, who may be responsible in whole or in part for any of the alleged injuries and/or damages, NNA pleads its entitlement to join and to file cross-claims for contribution against such dismissed party and/or to designate such party as a responsible third party under Section 33.004 of the Texas Civil Practice and Remedies Code.

8. NNA asserts the defense of rebuttable presumption against liability pursuant to Chapter 82 of the Texas Civil Practice & Remedies Code as the design, manufacture and marketing of the subject vehicle fully complied with applicable mandatory safety standards, industry standards and government standards, including, but not limited to, the Federal Motor Vehicle Safety Standards in effect at the time the subject vehicle was designed, manufactured and marketed. Accordingly, NNA is entitled to a presumption and finding of no liability pursuant to Chapter 82 of the Texas Civil Practice & Remedies Code.

9. Plaintiff's claims are barred because the subject vehicle conformed to the technological, scientific, and industrial state of the art at the time the product was first sold.

10. NNA states the imposition of punitive or exemplary damages against them in this cause would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in the following respects:

    a. Plaintiff's claims for punitive or exemplary damages against NNA cannot be sustained because an award of punitive damages in this case would contravene and violate Section 1 of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of the laws; Article 1, Section 3 of the Texas Constitution,

which guarantees equal protection of the law; and Article 1, Section 19 of the Texas Constitution, which guarantees due process.

b. Plaintiff's claims for punitive or exemplary damages against NNA cannot be sustained because the standard for determining liability for punitive damages under Texas law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim and therefore violates NNA's constitutional due process rights under the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 of the Texas Constitution.

c. Plaintiff's claims for punitive or exemplary damages cannot be sustained against NNA in this case because Texas law does not (i) provide a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (ii) provide limits on punitive damages imposed by the applicable principles of deterrence and punishment, (iii) prohibit an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of NNA, and (iv) provide for judicial review on the basis of objective standards in violation of NNA's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article I, Section 19 of the Texas Constitution, which guarantees due process, and Article 1, Section 14 of the Texas Constitution, which guarantees against double jeopardy.

d. Plaintiff's claims for punitive or exemplary damages against NNA cannot be sustained in this case because any award of punitive damages under Texas law without bifurcating the trial of all punitive damages issues and the failure of the Court to adopt other procedural constitutional safeguards in the submission of evidence relative to determining the size of any punitive damages award would violate the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of laws; Article I, Section 3 of the Texas Constitution, which guarantees equal protection of the laws; and Article I, Section 19 of the Texas Constitution, which guarantees due process of law.

e. Plaintiff's claims for punitive or exemplary damages against NNA cannot be sustained in this case because imposition of a punitive damages award would violate the due process clauses of the Constitution of the United States and the Texas Constitution because the standard for the imposition of punitive damages lacks objective guidelines, invites the jury to engage in caprice and

discrimination in the administration of the law and permits repeated and unlimited punishment for the same alleged misconduct.

 f. Plaintiff's claims for punitive or exemplary damages against NNA cannot be sustained because an award of punitive damages under the Texas law for the purposes of compensating Plaintiff for elements of damage not otherwise recognized by Texas law would violate NNA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of Article 1, Section 19 of the Texas Constitution.

 g. Any award of punitive damages based on anything other than NNA's conduct in connection with the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the due process clause of Article 1, Section 19 of the Texas Constitution and Article I, Section 14 of the Texas Constitution providing guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect NNA against impermissible multiple punishment for the same alleged wrong.

 h. Plaintiff's claims for punitive or exemplary damages against NNA cannot be sustained because any judgment for punitive damages in this case would constitute multiple punishment for the same alleged wrong and cannot protect NNA against multiple punishment for the same alleged wrong in future cases in violation of NNA's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and Article I, Section 3 and 19 of the Texas Constitution.

 i. Alternatively, in the event the Court allows the jury to consider awarding punitive damages despite the constitutional defects described above, NNA asserts that the cap on exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code applies and limits the amount of exemplary damages which can be awarded.

11. Pursuant to Texas Civil Practice & Remedies Code § 18.091, Plaintiff is required to prove certain losses in the form that represents net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. Additionally, NNA requests the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

12. In addition to any other limitation under law, recovery of medical or health care expenses is limited to the amount actually paid by or incurred on behalf of the claimant, pursuant to Texas Civil Practice & Remedies Code § 41.0105.

13. NNA asserts prejudgment interest may not be assessed or recovered on an award of future damages or punitive damages, if any. Tex. Fin. Code. §§ 304.101, 304.1045; Tex. Civ. Prac. & Rem. Code § 41.007.

## JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, NNA asserts its right under Article I, Section 5 of the Texas Constitution and the Seventh Amendment of the United States Constitution and hereby formally makes this demand for an in-person jury trial in this litigation and notes that the necessary jury fee has been tendered by the Plaintiff to the district clerk. NNA specifically objects to conducting a jury trial by remote video conferencing technology such as Zoom video conferencing.

## PRAYER

Defendant Nissan North America, Inc., respectfully prays Plaintiff has and recover nothing of and from NNA and that NNA recovers all costs. NNA further respectfully prays for such further relief to which it may show itself justly entitled either in law or equity.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**

By: */s/ G. Robert Sonnier*
      G. Robert Sonnier
      Texas Bar No. 18847400
      Chris Pearson
      Texas Bar No. 15690440
      Ian M. Lancaster
      Texas Bar No. 24097964
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
Telephone: (512) 472-0288
Fax: (512) 472-0721
rsonnier@germer-austin.com
cpearson@germer-austin.com
ilancaster@germer-austin.com
**COUNSEL FOR DEFENDANT
NISSAN NORTH AMERICA, INC.**

# CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of this document was served on the following counsel of record in accordance with Tex. R. Civ. P. 21a(a), on March 18, 2022.

> Brett Anthony
> banthony@anthony-peterson.com
> Adam Anthony
> aanthony@anthony-peterson.com
> Douglas P. Peterson
> dpeterson@anthony-peterson.com
> ANTHONY PETERSON, LLP
> 500 North Water Street, Suite 1000
> Corpus Christ, Texas 78401
>
> -And-
>
> Ed Chapa
> edchapa@bonillachapalaw.com
> BONILLA & CHAPA, P.C.
> P.O. Box 5488
> Corpus Christi, Texas 78465-5488
> **COUNSEL FOR PLAINTIFF**
>
> Larry J. Goldman
> larry@ljglaw.com
> Vincent P. Vasquez
> vincent@ljglaw.com
> GOLDMAN & PETERSON, PLLC
> 10100 Reunion Place, Suite 800
> San Antonio, Texas 78216
> **COUNSEL FOR DEFENDANTS**
> **LAREDO WASTE MANAGEMENT AND**
> **JOSE DE JESUS SOLORZANO LOPEZ**

                                                  */s/ G. Robert Sonnier*
                                                  G. Robert Sonnier

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Yvonne Ferrari on behalf of Robert Sonnier
Bar No. 15690440
yferrari@germer-austin.com
Envelope ID: 62758376
Status as of 3/21/2022 8:36 AM CST

Associated Case Party: LAREDO WASTE MANAGEMENT, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Larry Goldman | | mail@ljglaw.com | 3/18/2022 4:35:24 PM | SENT |

Associated Case Party: ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF XITLALI MORENO, DECEASED

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adam Anthony | | aanthony@anthony-peterson.com | 3/18/2022 4:35:24 PM | SENT |
| Brett Anthony | | banthony@anthony-peterson.com | 3/18/2022 4:35:24 PM | SENT |
| Ed Chapa | | edchapa@bonillachapalaw.com | 3/18/2022 4:35:24 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Desda Barrera | | dbarrera@anthony-peterson.com | 3/18/2022 4:35:24 PM | SENT |
| Norma Rios | | normarios@bonillachapalaw.com | 3/18/2022 4:35:24 PM | SENT |