IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANA DELIA ARRIAGA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF XITLALI MORENO, DECEASED, *Plaintiff*, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC. and FAMILY NISSAN OF LAREDO, LTD., <br><br> *Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:22-cv-00041 <br> JURY TRIAL DEMANDED |

**DEFENDANT NISSAN NORTH AMERICA, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**TO THE HONORABLE U.S. DISTRICT JUDGE DIANA SALDAÑA:**

Defendant Nissan North America, Inc. ("NNA") files this Sur-Reply in Opposition to Plaintiffs' Motion to Remand (Doc. No. 4) and in support thereof would show the Court as follows:

**I.
NECESSITY OF SUR-REPLY**

Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Remand (Doc. No. 12) includes and cites to new evidence not previously cited in its post-removal briefing. More specifically, Plaintiff's Reply includes, for the first time, an affidavit from "Plaintiff's expert, Pete Sullivan[.]" *See* Doc. Nos. 12 at p. 2; 12-1 (Aff. of Sullivan). The inclusion of such new evidence invites the Court to pierce the pleadings in

2

analyzing the improper joinder of Family Nissan of Laredo, Ltd. ("Family Nissan"). Such an analysis, including consideration of Sullivan's affidavit, proves Family Nissan is improperly joined. Accordingly, Plaintiff's Motion to Remand should be denied and Family Nissan dismissed as an improperly joined defendant.

## II.
### ARGUMENTS AND AUTHORITY

Plaintiff's Reply contends Sullivan's affidavit supports her assertion that Family Nissan, in conducting routine service on the subject vehicle, missed "sign[s] of potential problems with Plaintiff's transmission[.]" Doc. No. 12 at p. 2. Plaintiff further contends that Sullivan's affidavit: (1) supports her theory that Family Nissan had actual knowledge of a defect in the subject vehicle's transmission, thus, (2) supports her purported invocation of the actual knowledge exception – Section 82.003(a)(6) – of the Texas Civil Practices and Remedies Code and (3) makes her claims against Family Nissan viable under Texas law. It does not.

"Section "82.003(a)(6)'s actual knowledge requirement means just what it says, and cannot be satisfied with a showing of negligent oversight, constructive knowledge, or similar allegations that a seller could or 'should have known of a defect in a product." *Williams v. Avon Prod., Inc.*, No. 4:19-CV-02337, 2019 WL 6040073, at *4 (S.D. Tex. Oct. 24, 2019), report and recommendation adopted, No. 4.19-CV-02337, 2019 WL 6038525 (S.D. Tex. Nov. 14, 2019) (internal punctuation omitted) (citing *Ray v. FCA US LLC*, No. 2:17-CV-86, 2017 WL 3033425, at *4 (S.D. Tex. July 18, 2017) and quoting *Garcia v. Ford Motor Co.*, No. 1:12-CV-181, 2013 WL 12137090, at *3 (S.D. Tex. May 10, 2013)).

"Similarly, Texas courts have also held that it is not enough for a plaintiff seeking to benefit from Section 82.003(a)(6) to merely demonstrate that the seller should have been aware of the product defect." *Id*. (citing *Transcon. Ins. Co. v. Briggs Equip. Tr*., 321 S.W. 3d 685, 702 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (testimony that the defendant should have known of the product defect "through the prudent application of reasonable and competent care" was insufficient to demonstrate actual knowledge); *see also Mix v. Target Corp*., 759 F. Supp. 2d 876, 879 (W.D. Tex. 2010) ("It is particularly instructive that, in drafting Chapter 82, the Texas Legislature "used 'knew,' not 'should have known' " of a defect) (quoting *Lott v. Dutchmen Mfg., Inc*., 422 F. Supp. 2d 750, 754 (E.D. Tex. 2006)); *Rubin v. DaimlerChrysler Corp*., No. CIV.A. H044021, 2005 WL 1214605, at *6 (S.D. Tex. May 20, 2005).

Conclusory and unsupported allegations as to whether Family Nissan "should have known" of a defect in the subject vehicle's transmission at the times it serviced the subject vehicle are not enough. And that is all Sullivan can provide:

- Stating that a flush of engine fluids and cleaning of the fuel injection system "***could be a sign*** of problems with a CV transmission." (Doc. No. 12-1 at ¶ 9) (emphasis added);
- "It is not known to me … whether Family Nissan dealership personnel misdiagnosed … a [potential] CV transmission problem.[.]" (*Id*.);
- "[I]t is my opinion that Family Nissan dealership personnel in ***reasonable certainty*** had requisite knowledge regarding the early and predictive indicators and symptoms of each of the stages of failure of the CV transmissions." (*Id*. at ¶ 11) (emphasis added).

4

- "If the subject CV transmission had adequate inspection(s) and maintenance services performed at Family Nissan, on the last service they performed on July 21st, 2021, *more likely than not*, Family Nissan *would have and should have discovered* readily identifiable and predictive signs and indicators of CV transmission failure[.]" (*Id.*) (emphasis added).

As set forth in NNA's Response, a plaintiff must plead "specific facts to support their conclusory allegations that the defendants had **actual knowledge** of a defect." *Coulter v. Deere & Co.*, No. CV H-21-2105, 2022 WL 912778, at *3 (S.D. Tex. Mar. 29, 2022) (C.J., Rosenthal) (emphasis added); *see also Williams*, 2019 WL 6040073, at *3. Whether in their live pleading at the time of removal or through Sullivan's affidavit, Plaintiff cannot meet that burden. The actual knowledge exception requires proof of just that – actual knowledge of a defect. Alleged failures by Family Nissan to "identify and warn [Plaintiff] of signs that her transmission system was in danger of failing" and/or to "identify and warn [Plaintiff] of any issue or problems with the transmission" do not equate to actual knowledge of a defect. *See* Doc. No. 12 at p. 3. An alleged failure to recognize "signs" of a potential defect does not invoke any of the seven exceptions to Chapter 82. Rather, it raises negligent servicing claims not recognized under Texas law.

In sum, Sullivan's affidavit merely asserts opinions as to what Family Nissan "should have known" rather than the actual knowledge required to invoke the actual knowledge exception set forth Section 82.003(a)(6). Even if such exception to Chapter 82 applied here – which NNA denies – "[c]ourts have repeatedly rejected Texas state-law claims against post-sale providers for negligent maintenance, repair, and service," because

5

"Texas law does not impose a duty on post-sale servicing companies ... to warn about an alleged product defect." *Coulter*, 2022 WL 912778, at *4 (citing *Garcia v. Deere & Co.*, No. 3:20-CV-0095, 2020 WL 4192894, at *2 (S.D. Tex. July 21, 2020).

### III.
### PRAYER

The new evidence provided for the first time in Plaintiff's Reply – *i.e.*, the affidavit of her purported expert Sullivan – merely provides an opinion as to whether Family Nissan "should have known" of a defect in the subject vehicle's transmission system by virtue of the routine maintenance it performed. Sullivan's conclusory opinions are insufficient to invoke the actual knowledge exception here. Moreover, in its Response, NNA presented uncontroverted evidence to the contrary – Family Nissan did not have actual knowledge of a defect in the subject vehicle's transmission.

In conclusion, for all of the reasons set forth above and in its Response, NNA requests that Plaintiff's Motion to Remand be denied, that Family Nissan be dismissed, and that the Court exercise jurisdiction over Plaintiff's causes of action against NNA, the only properly joined defendant, in this products liability action.

Respectfully submitted,


By:    */s/ G. Robert Sonnier*
       G. Robert Sonnier
       Southern District Bar 20069
       Texas Bar No. 18847400
       Chris Pearson
       Southern District Bar 16575
       Texas Bar No. 15690440
       Ian M. Lancaster
       Southern District Bar 3450424
       Texas Bar No. 24097964

GERMER BEAMAN & BROWN PLLC
One Barton Skyway
1501 S. Mopac Expy, Suite A400
Austin, Texas 78746
Telephone: (512) 472-0288
Fax: (512) 472-0721
cpearson@germer-austin.com
rsonnier@germer-austin.com
ilancaster@germer-austin.com

**COUNSEL FOR DEFENDANT NISSAN NORTH AMERICA, INC.**

**CERTIFICATE OF SERVICE**

  By my signature below, I hereby certify that on July 14, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Brett Anthony
Adam Anthony
THE ANTHONY LAW FIRM, L.L.P.
500 North Water Street, Suite 1000
Corpus Christi , Texas 78401
Telephone : (361) 687-1000
Facsimile: (361) 687-1010
adam@theanthonyfirm.com
brett@theanthonyfirm.com

and

Ed Chapa
BONILLA & CHAPA, P.C.
P.O. Box 5488
Corpus Christi Texas 78465-5488
Telephone: (361) 881-1000
Facsimile: (361) 881-1028
edchapa@bonillachapalaw.com

**COUNSEL FOR PLAINTIFF**

              */s/ G. Robert Sonnier*
             G. Robert Sonnier